**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| ANYANA VILLANUEVA, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00139 |
| | § | |
| COMMUNITY HOB AUTOMOTIVE, | § | |
| LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Defendant Community Hob Automotive, LLC ("Community Honda") has filed a motion to dismiss and, in the alternative, motion for summary judgment. *See* Dkt. 17. Having reviewed the briefing, the record, and the applicable law, I recommend that the motion be denied.

## BACKGROUND[1]

Community Honda is an automobile dealer in Baytown, Texas. Plaintiff Anyana Villanueva visited Community Honda in early 2025. On March 4, 2025, Community Honda texted Villanueva several times about her recent visit. Community Honda's messages indicated that Villanueva could "[r]eply STOP" to opt out of receiving messages. Dkt. 1 at 4. Villanueva replied "STOP" to Community Honda on the morning of March 10, 2025. Despite Villanueva's request, Community Honda sent text messages to Villanueva on the afternoon of March 10 and March 13, 2025. On April 1, 2025, Community Honda left Villanueva a voicemail.

---

[1] These allegations are taken from Villanueva's complaint. At the motion to dismiss stage, I accept "all well-pleaded facts as true, viewing them in the light most favorable to [Villanueva]." *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quotation omitted).

On May 8, 2025, Villanueva instituted this putative class action, asserting claims under the Telephone Consumer Protection Act of 1991 ("TCPA"). On June 12, 2025, Community Honda filed its answer. On February 27, 2026, Community Honda moved to dismiss Villanueva's claims under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3). Community Honda also suggests that the court strike Villanueva's class allegations under Rule 12(f). In the alternative, Community Honda asks the court to grant summary judgment.

## LEGAL STANDARDS

### A.   SUBJECT MATTER JURISDICTION

"Subject matter jurisdiction defines the court's authority to hear a given type of case; it represents the extent to which a court can rule on the conduct of persons or the status of things." *Carlsbad Tech., Inc., v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (cleaned up). "Standing is a component of subject matter jurisdiction." *Ortiz v. Am. Airlines, Inc.*, 5 F.4th 622, 627 (5th Cir. 2021) (quotation omitted). The requirement that a party have standing to bring suit flows from Article III of the Constitution, which limits the scope of federal judicial power to the adjudication of "cases" or "controversies." U.S. Const. art. III, § 2. The irreducible minimum of Article III standing requires that Villanueva "have an injury in fact; that injury must be traceable to the challenged conduct of [Community Honda]; and a favorable judgment must be likely to redress that injury." *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 689 (5th Cir. 2021).

Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) permit a court to dismiss an action if it does not have subject matter jurisdiction. "The objection that a federal court lacks subject-matter jurisdiction, see Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). This is because "Rule 12(h)(3) instructs: 'Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'" *Id.*

## B.    RULE 12(b)(6)/RULE 12(c)

Rule 12(b)(6) provides a basis for dismissal when the plaintiff has failed to state claim upon which relief can be granted. A motion under Rule 12(b)(6) must be made before the defendant files a responsive pleading. *See* Fed. R. Civ. P. 12(b). Because Community Honda filed an answer before filing its motion to dismiss, Rule 12(b)(6) is inapplicable.

Rule 12(c), however, allows a defendant to move for a judgment on the pleadings after filing an answer to the complaint. *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."). Like Rule 12(b)(6), Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quotation omitted). An untimely Rule 12(b)(6) motion may be construed as a Rule 12(c) motion for judgment on the pleadings. *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)

The standard for a Rule 12(c) motion is the same as the standard for a Rule 12(b)(6) motion. *See Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010). A Rule 12(b)(6) motion tests the sufficiency of the complaint against the requirement that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In ruling on a motion to dismiss, my "review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central

3

to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Because a complaint must be liberally construed in favor of the plaintiff, "a motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted." *IberiaBank Corp. v. Ill. Union Ins. Co.*, 953 F.3d 339, 345 (5th Cir. 2020) (quotation omitted).

## C.    RULE 12(f)

Rule 12(f) permits a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) further provides that a district "court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." As explained by Wright and Miller:

> The authority given the court by the rule to strike [pleadings] "on its own" has been interpreted to allow the district court to consider untimely motions to strike and to grant them if doing so seems proper. This judicial discretion is appropriate since in many instances a motion to strike redundant, impertinent, immaterial, or scandalous matter is designed to eliminate allegations from the pleadings that might cause prejudice at some later point in the litigation. In light of this, the time limitations set out in Rule 12(f) should not be applied strictly when the motion to strike seems to have merit.

5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (3d ed. 1998) (cleaned up).

"An order striking class allegations is functionally equivalent to an order denying class certification." *Elson v. Black*, 56 F.4th 1002, 1006 (5th Cir. 2023) (quoting *Microsoft Corp. v. Baker*, 582 U.S. 23, 34 n.7 (2017)). "If the viability of a class depends on factual matters that must be developed through discovery, a motion to strike will be denied pending the full-blown certification motion." *Siringi v. Parkway Fam. Mazda/Kia*, 349 F.R.D. 641, 643 (S.D. Tex. 2023) (quotation omitted).

4

**ANALYSIS**

**A.    SUBJECT MATTER JURISDICTION**

Although Community Honda purports to challenge this court's subject matter jurisdiction under Rules 12(b)(1) and 12(h)(3), it fails to articulate how Villanueva lacks standing. Villanueva alleges that Community Honda's "unwanted telemarketing text messages caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to her daily life." Dkt. 1 at 9. This is sufficient to allege an injury in fact attributable to Community Honda. *See Cranor*, 998 F.3d at 692. Thus, Villanueva has standing to bring claims under the TCPA.

**B.    MOTION FOR JUDGMENT ON THE PLEADINGS**

Next, I turn to Community Honda's contention that dismissal is warranted for Villanueva's alleged failure to state a claim.

The TCPA allows any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" to bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5). Those regulations provide as follows:

> No person or entity shall initiate any . . . call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:
>
> . . . .
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making . . . any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the

time the request is made. Persons or entities making such calls (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed ten (10) business days from the receipt of such request.

. . . .

(6) Maintenance of do-not-call lists. A person or entity making . . . any call for telemarketing purposes must maintain a record of a consumer's request not to receive further calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d). These requirements extend to "any person or entity making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers." *Id.* § 64.1200(e). "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." *Id.* § 64.1200(f)(13).

Villanueva easily satisfies the basic pleading requirements. She alleges receiving telemarketing calls and/or text messages from Community Honda promoting auto sales on March 4, 2025, March 10, 2025, March 13, 2025, and April 1, 2025. *See* Dkt. 1 at 4–7. Villanueva also alleges that (i) she "made requests to Defendant not to receive calls from Defendant"; (ii) "received more than one text message in a 12-month period made by or on behalf of [Community Honda]"; and (iii) Community Honda "has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on . . . their behalf." *Id.* at 13. Taking Villanueva's well-pleaded facts as true, as I must, she sufficiently states a claim for violations of the TCPA.

Community Honda contends that Villanueva's claims must be dismissed because she fails to plead a "telephone solicitation" under the TCPA. As Community Honda puts it, Villanueva "invited [Community Honda's] communications," which takes her outside of the TCPA's protections. Dkt. 17 at 13. In making this argument, Community Honda fails to consider Villanueva's allegation that she revoked her consent to receive messages from Community

6

Honda on March 10, 2025, and that Community Honda continued to contact Villanueva *after* she revoked her consent. The FCC regulations provide that "[a] called party may revoke prior express consent, . . . by using any reasonable method to clearly express a desire not to receive further calls or text messages from the caller or sender." 47 C.F.R. § 64.1200(a)(10); *see also id.* § 64.1200(a)(11). Villanueva's text message reading "STOP" on the morning of March 10, 2025, "constitutes a reasonable means per se to revoke consent." *Id.* § 64.1200(a)(10). Thus, Villanueva states a TCPA claim.[3]

### C.    MOTION TO STRIKE CLASS ALLEGATIONS

Community Honda's central argument in its motion to dismiss is that Villanueva has failed to satisfy the Rule 23(a) prerequisites for a class action.

Plaintiffs seeking class certification must satisfy four elements: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *See* Fed. R. Civ. P. 23(a). Numerosity requires that "the class is so numerous that joinder of all members is impracticable." *Id.* 23(a)(1). Commonality requires that "there are questions of law or fact common to the class." *Id.* 23(a)(2). Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *Id.* 23(a)(3). Adequacy requires that the representative party and the named class counsel "will fairly and adequately protect the interests of the class." *Id.* 23(a)(4).

Once Villanueva satisfies the Rule 23(a) factors, she must demonstrate that this is a case in which "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.* 23(b)(3). When Villanueva seeks class

---

[3] Both parties attach evidence in support of their motion to dismiss briefing. None of the evidence, however, is attached to the complaint, referenced in the complaint, or central to Villanueva's claim. *See Lone Star Fund*, 594 F.3d at 387. Thus, I will not consider the evidence in deciding the motion to dismiss. Even if I considered the evidence, this case is riddled with fact issues that render summary judgment inappropriate.

certification, she will "bear the burden of proof to establish that the proposed class satisfies the requirements of Rule 23." *M.D, ex rel. Stukenberg v. Peny*, 675 F.3d 832, 837 (5th Cir. 2012). We are not, however, at the class certification stage of this proceeding.

Villanueva brings this action on behalf of the proposed class, defined as:

> **National Internal Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf, to said person's residential telephone number *after* making a request to Defendant to not receive future text messages.**

Dkt. 1 at 9.

I will not strike Villanueva's class allegations. Motions to strike should be "sparingly used." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962) (quotation omitted). This case is at the pleading stage. Villanueva has not had the opportunity to flesh out her class claims in discovery. Although a district court may dismiss class allegations "[w]here it is facially apparent from the pleadings that there is no ascertainable class," *John v. Nat'l Sec. Fire and Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007), this is not one of those cases. Villanueva alleges facts that make it plausible she can satisfy each of Rule 23's requirements after discovery is conducted. This renders dismissal improper.

Community Honda offers several reasons as to why Villanueva will fail to establish a class. Community Honda's "arguments do not establish that it is 'facially apparent' from the complaint that [Villanueva's] proposed class[] [is] uncertifiable." *Siringi*, 349 F.R.D. at 646. For example, Community Honda argues that "whether a plaintiff consented to a telephone solicitation under the TCPA [is an issue that] must be determined on an individual basis and not a class-wide basis." Dkt. 17 at 11. "That [Community Honda] may have valid affirmative defenses against some unknown number of class members does not defeat certification." *Siringi*, 349 F.R.D. at 646 (collecting cases denying motions to strike TCPA class allegations based on alleged individualized issues of consent). Overall,

I find Community Honda's "arguments regarding the legality of [Villanueva]'s class claims more appropriately addressed after the parties engage in discovery and further develop the nature of [Villanueva]'s claims." *Delarue v. State Farm Lloyds*, No. 1:09-cv-237, 2010 WL 11530499, at \*4 (E.D. Tex. Mar. 10, 2010). Community Honda can challenge the viability of the class once Villanueva moves for class certification.

## CONCLUSION

For the reasons discussed above, I recommend that Community Honda's motion to dismiss (Dkt. 17) be denied. I further recommend that Villanueva be ordered to file a class certification motion within 30 days after the date this Memorandum and Recommendation is adopted.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this __16th__ day of June 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

9